FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 23   A 10: 49

CLERK J. LaVictoire

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ANTHONY GINWRIGHT,
a/k/a Rahim Shabazz,

    Plaintiff,

v.

RONNIE H. McQUAIG, Sheriff; DANNY
CHRISTMAS, Former Jail Administrator;
Chief CADEY; Major ROYAL;
Lt. GWINN; Lt. RYALS; Sgt. SMART;
Sgt. BLUE; Sgt. HENDERSON;
Sgt. PRESTON; Cpl. DOE, and
Cpl. SHULMAN,

    Defendants.

CIVIL ACTION NO.: CV506-063

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Ware County Jail in Waycross, Georgia, has filed a complaint pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he was placed in disciplinary isolation by certain named defendants in retaliation for his having filed lawsuits against officials at Ware County Jail. (Doc. No. 1, p. 5). Plaintiff further contends that he was subjected to constitutionally deficient disciplinary hearing procedures. (Id. at 7-8).

42 U.S.C.A. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that

2

AO 72A
(Rev. 8/82)

exhaustion of available administrative remedies is mandatory. 534 U.S. at 523, 122 S. Ct. at 987. It is not the role of the courts to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Rather, the concern is what remedies were available and whether the inmate pursued these prior to filing his suit in federal court. Id.

It is clear from the face of the Complaint that Plaintiff has not exhausted his available administrative remedies. (Doc. No. 1, pp. 3-4). Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 23 day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)